Ismail Amin (9343)
Matthew K. Schriever (10745)
**THE AMIN LAW GROUP, NV, LTD.**
3753 Howard Hughes Parkway, Ste 200
Las Vegas, NV 89169
Telephone: 702.954.3861
iamin@talglaw.com
mschriever@talglaw.com

*Attorneys for Defendants*
MICHAEL STUDER and
SEA FRIENDS INCOPORATED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN V. CAPPELLO, an individual; STUDEBAKER DISTRIBUTION CORP., a revoked Wyoming corporation; CATHY D. COLLINS, as trustee of STUDEBAKER DISTRIBUTION CORP and individually, VASTHI AVILA, an individual; STREAMWORX, LLC, a Wyoming revoked limited liability company; JONATHAN BAKER, as trustee of STREAMWORX, LLC and individually; EXCELSIOR CONSULANTS, INC., a revoked Wyoming corporation; JEFF GREENEY, as trustee of EXCELSIOR CONSULTANTS, INC. and individually; SEA FRIENDS INCOPORATED, a New York non-profit corporation; MICHAEL STUDER, an individual; LUCIOUS GLENN, an individual; JOHN BAUSCHKA, an individual; DOE INDIVIDUALS 1 through 5; inclusive; and ROE BUSINESS ENTITITES 6 through 10, inclusive <br><br> Defendants. | Case No.:  2:21-cv-01122-JCM-VCF <br><br> **DEFENDANTS' MICHAEL STUDER AND SEA FRIENDS INCORPORATED'S MOTION TO DISMISS PLAINTIFF ENERKON SOLAR INTERNATIONAL, INC.'S FIRST AMENDED COMPLAINT** |

COMES NOW, MICHAEL STUDOR and SEA FRIENDS INCOPORATED ("Defendants") by and through his counsel of record, THE AMIN LAW GROUP, NV, LTD., and file this instant Motion to Dismiss.

## I.   INTRODUCTION

On or about July 2, 2021, Plaintiff filed its First Amended Complaint with this Honorable Court. (#1). Plaintiff has named a host of parties, including Defendants as defendants in the action. However, the Complaint fails to sufficiently plead allegations to support a basis for recovery. Defendants are left to guess as to what the underlying allegations are because the Complaint is devoid of the basic who, what, where, when, and how of allegations.

## II.   LEGAL ANALYSIS

### A.  Standards For Granting A Motion To Dismiss

Federal Rule of Civil Procedure 12(b)(6) holds that dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory of law." *Balistreri v. Pacific Police Dept.,* 901 F. Supp. 2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 101-02 (1957); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). It is essentially a ruling on a question of law. *North Star Int'I v, Arizona Corp. Comm*., 720 F.2d 578, 580 (9th Cir. 1983). For the movant to succeed, it must appear to a certainty plaintiff will not be entitled to relief under the facts alleged in the complaint. *Halet v. Wend Invest. Co*., 672 F.2d 1305, 1309 (9th Cir. 1982).

*Bell Atlantic Corp. v Twombly*. 550 U.S. 544, 127 S Ct. 1955 (2007) renders plain the minimum pleading requirements of stating a claim of relief that is "plausible on its face." *Twombly*, 127 S. Ct. at 1974. The Court revised the standard and held a complaint should be dismissed if the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face" or does not "raise a right to relief above the speculative level." *Id.* at 1965, 1974. "A plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1964-65; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009).

In analyzing Plaintiffs Complaint, this Court does need not assume the truth of Plaintiff's legal conclusions merely because they are cast in the form of factual allegations. *Ritzer v. Gerovicap Pharmaceutical Corp.*, 162 F.R.D. 642, 645 (D. Nev. 1995) (*citing Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th. Cir. 1981), *cert. denied*, 454 U.S. (1981)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. The well-pled facts must go beyond the "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with" a defendant's liability. *Id.*

In this case, among the problems, Plaintiff's allegations fail to establish claims under any of the legal theories propounded. Accordingly, dismissal is warranted.

**B. Dismissal Is Appropriate As Plaintiff Fails To State A Claim For Relief Because The Factual Allegations Are Vague And Ambiguous**

Plaintiff's Amended Compliant fails to include an "Allegations" section that lays out the factual allegations being made against the Defendant. Rather, the Amended Complaint simply identifies the various parties and then lists a host of causes of action. Furthermore, as to all but the third cause of action, Breach of Fiduciary Duty, none of the other causes of action identify which Defendants are potentially liable for which causes of action. Thus, this Defendant, and all other defendants, are left to simply guess what allegations concern them and which causes of action they could potentially be liable for. Defendants are therefore unable to provide sufficient answers to the pending allegations.

Moreover, Plaintiff's Complaint fails to make clear allegations in support of its claims. As to Defendant Studer, the sole allegation of Plaintiff's Complaint is a conclusory assertion that he was a former Secretary, Treasurer, and Chief Financial Officer of ENKS who issued shares of ENKS stock after he was removed as an officer in 2018. **See Complaint at Paragraphs 7-9.** Defendants vehemently deny this allegation.

The Federal Rules require that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. This requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id. at 555*. "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009).  Plaintiff's Complaint presents no meaningful facts that sufficiently describe the purported allegations.  Defendants are left with an inability to sufficiently form a defense to the allegations unless specific factual assertions are made.  Defendants are therefore entitled to dismissal of Plaintiff's Complaint as it does not sufficiently state a claim for relief.

### C. The 15 U.S.C. 78 Causes Of Actions Must Be Dismissed Because There Is No Private Right Of Action

Plaintiff's Complaint includes two causes of action for violations for 15 U.S.C. 78.  Both must be dismissed.  The first cause of action complains that Defendants are liable under 15 U.S.C. 78o because they were allegedly not registered with the SEC to sell or purchase convertible notes.  However, there is no private right of action under this statutory provision that would allow Plaintiff to bring this cause of action.  Specifically, the Ninth Circuit has held, "that no private right of action is to be implied under this section." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982).  Because there is no private cause of action under 15 U.S.C. 78o, only the SEC could bring action against these Defendants.  Other individuals or companies, such as Plaintiff, are unable to sustain actions for these allegations.  Thus, the first cause of action must be dismissed.

### D. The 15 U.S.C. 78 Causes Of Actions Must Be Dismissed Because The Complaint Does Not Meet The Heightened Standard Requirements

Through the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Congress has imposed heightened pleading standards on securities fraud actions. 15 U.S.C. §§ 78u-4(b)(1), (2). "The PSLRA significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity and scienter." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084 (9th Cir. 2002) (*citing Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001)). "The purpose of this heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put an end to the practice of pleading 'fraud by hindsight.'" *Id.* at 1084-85 (*citing In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 973 (9th Cir. 1999)).  To meet this heightened pleading requirement, the complaint must "specify each statement alleged to have been misleading, the reason

or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.* at 1085 (*citing* 15 U.S.C. §§ 78u-4(b)(1)).

The second requirement of the PSLRA is that the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id.* (*citing* 15 U.S.C. §§ 78u-4(b)(2)) (emphasis added). The Ninth Circuit has interpreted the scienter pleading requirement as meaning that plaintiffs "must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." *Silicon Graphics*, 183 F.3d at 974. The *Silicon Graphics Court* further clarified that "recklessness only satisfies scienter under § 10(b) to the extent that it reflects some degree of intentional or conscious misconduct." *Id.* at 977. The requisite recklessness must be an "extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers that is either known to the defendant or so obvious that the actor must have been aware of it." *Id.* at 984. A plaintiff cannot proceed on pleadings averring scienter based on mere "motive and opportunity" but instead must "state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." *Id.* at 979.

In *Tellabs v. Makor Issues & Rights, Ltd.*, _ U.S. _, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007), the Supreme Court elaborated on the PSLRA's "strong inference" standard for pleading scienter. Agreeing with the standard in the Ninth Circuit, the Court held that:

> "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss . . . . The inquiry, as several Courts of Appeals have recognized, is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Id. at 2509 (emphasis in original).

Under the PSLRA "when determining whether plaintiffs have shown a strong inference of scienter, the court must consider all reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002). However, the "inference that the defendant acted with scienter need not be irrefutable, i.e., of the 'smoking-gun' genre, or even the 'most plausible of competing inferences' . . . . [T]he inference of

scienter must be more than merely 'reasonable' or 'permissible'- it must be cogent and compelling, thus strong in light of other explanations." *Tellabs*, 127 S. Ct. at 2510. Thus, a "complaint will survive. . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id. (emphasis added).

Plaintiff's Complaint fails to make even the basic allegations to support its claims, much less the heightened standard required for the 15 USC 78j causes of action. To wit, the sole allegation articulated within Plaintiff's Complaint is a conclusory assertion that Defendant Studer was a former Secretary, Treasurer, and Chief Financial Officer of ENKS who issued shares of ENKS stock after he was removed as an officer in 2018.

The Supreme Court has enumerated the following elements of a cause of action for securities fraud arising under section 10(b) and rule 10b-5: (1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, (5) economic loss; and (6) loss causation. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341, 125 S. Ct. 1627, 1630-31, 161 L. Ed. 2d 577 (2005). Here, Plaintiff has failed to include even the basic who, what, where, when, and how of its causes of action, leaving Defendants to guess as to what the underlying allegations are. Accordingly, dismissal is appropriate.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully submitted there is no valid cause of action to be brought against the Defendants based on the allegations of Plaintiff's Complaint. Accordingly, dismissal is appropriate.

DATED August 26, 2021.

**THE AMIN LAW GROUP, NV, LTD.**

/s/ Matthew K. Schriever
Ismail Amin (9343)
Matthew K. Schriever (10745)
3753 Howard Hughes Parkway, Ste 200
Las Vegas, NV 89169
iamin@talglaw.com
mschriever@talglaw.com

*Attorneys for Defendant*
MICHAEL STUDER and
SEA FRIENDS INCOPORATED

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th of August 2021, I served a true and correct copy of:

**DEFENDANTS' MICHAEL STUDER AND SEA FRIENDS INCORPORATED'S MOTION TO DISMISS PLAINTIFF ENERKON SOLAR INTERNATIONAL, INC.'S FIRST AMENDED COMPLAINT**

Via the following methods of service:

\_\_\_\_\_  serving the following parties via US Mail, postage prepaid;

\_\_\_\_\_  serving the following parties via e-mail;

\_\_X\_\_  serving the following parties via CM/ECF;

_____  serving the following parties via facsimile;

_____  serving the following parties via Overnight Express;

H. Stan Johnson
COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, NV 89119
Tel: (702) 823-3500
Fax: (702) 823-3400
Email: sjohnson@cohenjohnson.com
***Attorneys for Plaintiff Enerkon Solar International, Inc.***

                                */s/Peter Gilmore*_____
                                Peter Gilmore
                                An Employee of THE AMIN LAW GROUP, NV., LTD.