**COHEN JOHNSON**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
KEVIN M. JOHNSON, ESQ.
Nevada Bar No. 14551
kjohnson@cohenjohnson.com
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN V. CAPPELLO, an individual; STUDEBAKER DISTRIBUTION CORP., a revoked Wyoming corporation; CATHY D. COLLINS., as trustee of STUDEBAKER DISTRIBUTION CORP and individually; VASTHI AVILA, an individual; STREAMWORX, LLC, a Wyoming revoked limited liability company; JONATHAN BAKER, as trustee of STREAMWORX, LLC and individually; EXCELSIOR CONSULTANTS, INC., a revoked Wyoming corporation; JEFF GREENEY, as trustee of EXCELSIOR CONSULTANTS, INC. and individually; SEA FRIENDS INCORPORATED, a New York non-profit corporation; MICHAEL STUDER, an individual; LUCIOUS GLENN, an individual; JOHN BAUSCHKA, an individual; DOE INDIVIDUALS 1 through 5, inclusive; and ROE BUSINESS ENTITIES 6 through 10, inclusive;<br><br>Defendants. | Case No.:    2:21-cv-01122<br><br>**SECOND AMENDED COMPLAINT** |

1

Plaintiff, by and through its counsel of record, H. Stan Johnson, Esq. and Kevin Johnson, Esq. of Cohen Johnson, hereby files this Second Amended Complaint and alleges as follows:

## THE PARTIES

1. Plaintiff, Enerkon Solar International, Inc. ("ENKS") is a corporation maintained under the provisions of NRS 78, *et seq.* ENKS was previously known as Castle Holdings Corp, (OTC Stock Symbol: CHOD).

2. Defendant, John V. Cappello, ("Capello") is the former Chief Executive Officer of ENKS.

3. Defendant Studebaker Distribution Corp. ("Studebaker") is a corporation formed under the laws of the State of Wyoming, whose charter has been revoked.

4. Cathy D. Collins ("Collins") is the former president of Studebaker Distribution Corp.

5. Defendant Vasthi Avila ("Avila") is an individual, who upon information and belief is a resident of Texas.

6. Defendant Excelsior Consultants, Inc. ("Excelsior") is a corporation formed under the laws of the State of Wyoming, whose charter has been revoked.

7. Jeff Greeney ("Greeney") is the former president of Excelsior Consultants, Inc.

8. Defendant Streamworx, LLC ("Streamworx") is a limited liability company formed under the laws of the State of Wyoming, whose charter has been revoked.

9. Jonathan Baker ("Baker") is the former managing member of Streamworx.

10. Defendant, Sea Friends Incorporated ("Sea Friends") is a non-profit company formed under the law of the State of New York.

11. Michael Studer ("Struder") is the president of Sea Friends Incorporated.

12. Lucious Glenn, ("Glenn") upon information and belief is a resident of Texas.

13. John Bauschka ("Bauschka") is upon information and belief a resident of Georgia.

14. The true names and capacities, whether individual, corporate, associate, or otherwise of defendants herein designated as DOE INDIVIDUALS 1 through 5 and ROE BUSINESS ENTITIES 6 through 10 are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. Specifically, Plaintiff is informed and believes that some of the defendants named as DOE INDIVIDUALS and ROE BUSINESS ENTITIES are responsible for the actions complained of and described more fully herein. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

## JURISDICTION AND VENUE

15. Venue is proper in this United States District Court, in and for the State of Nevada, County of Clark, as the Plaintiff is a Nevada corporation, and the Defendants are former officers and purported shareholders of Plaintiff.

16. This Court has personal jurisdiction over the parties in accordance with 15 U.S.C. § 78aa to enforce the liability of the Securities Exchange Act of 1934.

## GENERAL ALLEGATIONS

17. ENKS' stock is publicly traded on the over-the-counter marketplace or the "OTC Pink Markets" also known as the "Pink Open Market."

18. Cappello and Studer previously held various positions with ENKS. Capello was formerly the President, CEO, and other positions at ENKS. Michael Struder is the former Secretary, Treasurer and Chief Financial Officer of ENKS. Both were removed as officers of ENKS in 2018.

19. Based upon this removal, Capello transferred his shares of ENKS to Benjamin Ballout ("Ballout") consisting of 32,225,000 Restricted Common Shares in addition to 510,000

3

Shares of Preferred Class A and 100,000 shares of Preferred Class B.  Ballout thereby became Chairman of the Company as its largest stockholder.

20. After being removed as officers with the company, Cappello and Struder, caused unregistered and fraudulent shares of the company to be issued. This action was illegal and neither Cappello or Struder had the ability to issue or grant stock on behalf of ENKS. Cappello and Struder also issued other shares without consideration, a fair exchange, without authority to do so, or without complying with the necessary provisions of the securities exchange act as stated herein.

21. Upon information and belief, Collins purportedly holds 4,750,000 Unrestricted Class 4(a)(2) Shares of ENKS as of October 1, 2018, either in her individual capacity or that as trustee for the now defunct corporation Studebaker.  Purportedly these shares were obtained through a convertible note which allowed the shares to vest based upon a loan allegedly provided to ENKS.

22. Upon information and belief, Avila purportedly holds 4,678,000 Unrestricted Class 4(a)(2) Shares of ENKS as of October 1, 2018.  Purportedly these shares were obtained through a convertible note which allowed the shares to vest based upon a loan allegedly provided to ENKS.

23. Greeney purportedly holds 1,000,000 Restricted Class 4(a)(2) Shares of ENKS as of November 1, 2018, either in his individual capacity or that as trustee for the defunct corporation Excelsior.  Purportedly these shares were obtained through professional services which were allegedly rendered by the corporation or Greeney.

24. Jonathan Baker and purportedly holds 4,000,000 Restricted Class 4(a)(2) Shares of ENKS as of November 2, 2018, either in his individual capacity or that as trustee for the defunct corporation Streamworx.  Purportedly these shares were obtained through professional services which were allegedly rendered by the limited liability company or Baker.

25. Upon information and belief, Sea Friends is the owner of 1,000,000 Unrestricted Class 4(a)(2) Shares of ENKS which they were allegedly gifted in November 2005 and July 2007. Struder is now the president of Sea Friends.

26. Upon information and belief, Glenn owns 1,000,000 Unrestricted Class 4(a)(2) Shares of ENKS as of June 26, 2019, which were issued on that date by Michael Studer after he was removed as a Secretary of ENKS.

27. Upon information and belief, Baushka owns 100,000 Unrestricted Class 4(a)(2) Shares of ENKS as of May 8, 2019, which were issued on that date by Studer after he was removed as a Secretary of ENKS.

28. Upon information and belief, all of these transactions occurred in order to benefit Cappello and Studer and not ENKS.

## FIRST CLAIM OF RELIEF

**(Violation of 15 U.S.C. § 78j – Manipulative and Deceptive Devices- As Against all Defendants**)

29. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

30. Defendants by engaging in these activities to transfer without consideration these described stocks to themselves, their related entities and amongst themselves engaged in a scheme of manipulation and fraud by representing at the times of the issuance of shares that the shares were lawfully given to and obtained by the benefitting party on the date of issuance, that consideration was received, or a fair exchange of services would be obtained in the future and that ENKS would favorably benefit.

31. These representations were not true, and Defendants knew or should have reasonably known that such acts were improper and would damage Plaintiff by the lose of the

stocks, dilution and other adverse consequences.

32. Plaintiff has on fact been damaged by these acts of manipulation.

33. More specifically, Studer knew at the time he issued the Shares to Glenn and Bauschka that he did not have authority as the claimed "secretary" as he had been removed from being an officer of ENKS in 2018 – over a year before those shares were issued.

34. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiffs have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and to be determined at trial.

35. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff is entitled to an award of punitive damages, in the amount to be determined at the time of trial.

36. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff has been required to retain the services of attorneys to prosecute this action and, therefore, they are entitled to an award of reasonable attorneys' fees and costs incurred therein.

## SECOND CLAIM OF RELIEF

**(Breach of Fiduciary Duty – As Against Cappello and Studer)**

37. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

38. As officers of ENKS Capello and Studer had a duty to deal fairly with the shareholders, officers and not engage in transaction which were unfair, disloyal or knowingly engaging in violations of the law by intentionally violating Rule 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. §78j and N.R.S. §90.570, all without notifying the Plaintiffs or obtaining the Plaintiff's required consent.

39. In addition, as officer of ENKS, Capello and Struder entered into promissory notes, agreements for services, and made gifts, as detailed above which were in their own, and not

the companies' best interest.

40. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiffs have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and to be determined at trial.

41. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff is entitled to an award of punitive damages, in the amount to be determined at the time of trial.

42. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff has been required to retain the services of attorneys to prosecute this action and, therefore, they are entitled to an award of reasonable attorneys' fees and costs incurred therein.

## **THIRD CLAIM OF RELIEF**

### (Accounting)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

44. The Defendants have a duty under the Securities Act of 1933. Rule 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. §78j, N.R.S. 90.570 or under common law to account to their shareholders for all funds acquired for the purported sales of ENKS stock, services received or tendered and to generally account and proof the consideration exchanged in these several stock transactions. The Defendants have refused and continue to refuse to perform their duties to account to the Plaintiff with respect to the funds raised by the false claims of consideration, and which have inured to their own benefit.

45. Plaintiff is entitled to an order from this Court requiring that Defendants account for the purportedly bargained for consideration exchanged.

46. As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff has been required to retain the services of attorneys to prosecute this action and, therefore, they

7

are entitled to an award of reasonable attorneys' fees and costs incurred therein.

**FORTH CLAIM OF RELIEF**

**(Declaratory Relief- As Against All Defendants**)

47. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

48. The Plaintiffs brings this claim pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

49. A case of actual controversy exists within this Court's jurisdiction, providing this Court with the right to declare the rights and other legal relations of any interested parties, which shall have the force and effect of a final judgment or decree.

50. Based upon the acts and/or omissions of the Defendants, and each of them, described hereinabove, the Plaintiffs are entitled to an order from this Court declaring that the Defendants acted in violation of the Securities Act of 1933, 15 U.S.C. §78j and N.R.S. §90.570 and other applicable law, and all without the knowledge or consent of the Plaintiff and that the shares issued are invalid.

**FIFTH CLAIM OF RELIEF**

**(Injunctive Relief- As Against All Defendants**)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

52. Defendants should be prevented from transferring, issuing or further converting the stocks of ENKS, as Plaintiff will suffer immediate and irreparable harm, for which there is no adequate remedy at law.

53. The Plaintiff is entitled to an order from this Court enjoining the Defendants, and each of them, from selling, transferring, exchanging, assigning or conveying any further shares of

stock or other assets of the Defendant.

WHEREFORE, the Plaintiff, prays for the following:

1. For an order declaring that the Defendants' actions constitute violations of the Securities and Exchange Act of 1934, Securities Act of 1933, Rule 10b-5 of the Securities Exchange Act of 1934, 15 U.S.C. §78j and N.R.S. §90.570 and other applicable law;

2. For an accounting from each of the Defendants demonstrated the purported bargained for exchange;

3. For an order enjoining the Defendants, and each of them, from selling, transferring, exchanging, assigning or conveying any further shares of stock or other assets of ENKS;

4. For general and special damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and to be determined at trial;

5. For punitive and exemplary damages against the Defendants in an amount to be determined at trial;

6. For reasonable costs and attorneys' fees;

7. For such other relief as this Court may deem just and proper.

Dated this 8th day of October 2021.

**COHEN JOHNSON**

: /s/ H. Stan Johnson  
H. STAN JOHNSON, ESQ.  
Nevada Bar No. 00265  
sjohnson@cohenjohnson.com  
KEVIN M. JOHNSON, ESQ.  
Nevada Bar No. 14551  
kjohnson@cohenjohnson.com  
375 E. Warm Springs Road, Suite 104  
Las Vegas, Nevada 89119  
Telephone: (702) 823-3500  
Facsimile: (702) 823-3400  
*Attorneys for Plaintiff*