Ismail Amin (9343)
Matthew K. Schriever (10745)
**THE AMIN LAW GROUP, NV, LTD.**
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
Telephone: 702-990-3583
iamin@talglaw.com
mschriever@talglaw.com

*Attorneys for Defendants/Counterclaimants*
MICHAEL STUDER and
SEA FRIENDS INCOPORATED

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., | Case No.: 2:21-cv-01122 |
| Plaintiff, | **ANSWER AND COUNTERCLAIM** |
| v. | |
| JOHN V. CAPPELLO, an individual; STUDEBAKER DISTRIBUTION CORP., a revoked Wyoming corporation; CATHY D. COLLINS, as trustee of STUDEBAKER DISTRIBUTION CORP and individually, VASTHI AVILA, an individual; STREAMWORX, LLC, a Wyoming revoked limited liability company; JONATHAN BAKER, as trustee of STREAMWORX, LLC and individually; EXCELSIOR CONSULANTS, INC., a revoked Wyoming corporation; JEFF GREENEY, as trustee of EXCELSIOR CONSULTANTS, INC. and individually; SEA FRIENDS INCOPORATED, a New York non-profit corporation; MICHAEL STUDER, an individual; LUCIOUS GLENN, an individual; JOHN BAUSCHKA, an individual; DOE INDIVIDUALS 1 through 5; inclusive; and ROE BUSINESS ENTITITES 6 through 10, inclusive | |
| Defendants. | |

SEA FRIENDS INCOPORATED, a New York non-profit corporation; MICHAEL STUDER, an individual,

    Counterclaimants,

    v.

ENERKON SOLAR INTERNATIONAL, INC.,

    Counterdefendant.

Michael Studer and Sea Friends Incorporated ("Defendants"), by and through their counsel of record Ismail Amin of The Amin Law Group, NV, Ltd. hereby submit the following Answer to Plaintiff's Amended Complaint.

## THE PARTIES

1. Answering paragraph number 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph and on that basis deny each and every allegation set forth therein.

2. Answering paragraph number 2, Defendants admit the allegations set forth therein.

3. Answering paragraph numbers 3, 4, 5, 6, 7, 8, and 9, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs and on that basis deny each and every allegation set forth therein.

4. Answering paragraph number 10, Defendants admit the allegations set forth therein.

5. Answering paragraph number 11, Defendants deny the allegations set forth therein.

6. Answering paragraph numbers 12, 13, and 14, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs and on that basis deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

## JURISDICTION AND VENUE

7. Answering paragraph numbers 15 and 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs and on that basis deny each and every allegation set forth therein.

## GENERAL ALLEGATIONS

8. Answering paragraph numbers 17, 18, and 19, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs and on that basis deny each and every allegation set forth therein.

9. Answering paragraph number 20, Defendants deny the allegations set forth therein.

10. Answering paragraph numbers 21, 22, 23, and 24, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraphs and on that basis deny each and every allegation set forth therein.

11. Answering paragraph numbers 25, 26, 27, and 28, Defendants deny the allegations set forth therein.

## FIRST CLAIM FOR RELIEF

**(Violation of 15 USC 78j – Manipulative and Deceptive Devices – As Against all Defendants)**

12. Answering paragraph number 29, Defendants repeat and reallege their answers to paragraphs 1 through 28 above, and incorporate the same by reference as though fully set forth herein.

13. Answering paragraph numbers 30, 31, 32, 33, 34, 35, and 36, Defendants deny the allegations set forth therein.

## SECOND CLAIM FOR RELIEF

**(Breach of Fiduciary Duty – As Against Cappello and Studer)**

14. Answering paragraph number 37, Defendants repeat and reallege their answers to paragraphs 1 through 36 above, and incorporate the same by reference as though fully set forth herein.

15. Answering paragraph numbers 38, 39, 40, 41, and 42, Defendants deny the allegations set forth therein.

## THIRD CLAIM FOR RELIEF

### (Accounting)

16. Answering paragraph number 43, Defendants repeat and reallege their answers to paragraphs 1 through 42 above, and incorporate the same by reference as though fully set forth herein.

17. Answering paragraph numbers 44, 45, and 46, Defendants deny the allegations set forth therein.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief – As Against All Defendants)

18. Answering paragraph number 47, Defendants repeat and reallege their answers to paragraphs 1 through 46 above, and incorporate the same by reference as though fully set forth herein.

19. Answering paragraph numbers 48, 48, and 50, Defendants deny the allegations set forth therein.

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief – As Against All Defendants)

20. Answering paragraph number 51, Defendants repeat and reallege their answers to paragraphs 1 through 50 above, and incorporate the same by reference as though fully set forth herein.

21. Answering paragraph numbers 52 and 53, Defendants deny the allegations set forth therein.

## AFFIRMATIVE DEFENSES

1. Failure to State a Claim. Plaintiff's Complaint and each and every purported cause of action therein, fails to state a claim for which relief can be granted against Defendants.

2. Statute of Limitations. Defendants allege that the causes of action set forth in Plaintiff's Complaint are barred by all applicable Nevada Statutes of Limitations.

3. Failure to Mitigate. Plaintiff, though under a duty to do so, has failed and neglected to mitigate its alleged damages, said failure was the direct and proximate cause of any and all alleged

damages and, therefore, Plaintiff cannot recover against Defendants, whether as alleged, or otherwise.

4. Contribution. Defendants allege that the damage suffered by Plaintiff, if any, was the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than Defendants, and that the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendants.

5. Estoppel. Defendants are informed and believe, and thereon allege, that Plaintiff engaged in conduct and/or activities with respect to the subject of Plaintiff's Complaint, and by reason of said conduct and/or activities, Plaintiff is estopped from asserting any claims for damages or seeking any other relief against Defendants.

6. Waiver. Defendants are informed and believe, and thereon allege, that Plaintiff and other parties have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in Plaintiff's Complaint.

7. Intervening and Superseding Causes. Defendants are informed and believe, and thereon allege, that the injuries and damages of which Plaintiff complains were proximately caused by, or contributed to by, the acts of other parties, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against Defendants.

8. Assumption of the Risk. Defendants alleges that Plaintiff expressly, voluntarily, and knowingly assumed all risks about which it complains in Plaintiff's Complaint and, therefore, is barred either totally or to the extent of said assumption from any damages.

9. Active and Primary Liability. Plaintiff's conduct, as alleged in the principal action, and as described in Plaintiff's Complaint, was such that any and all liability based thereon was active and primary in nature, so as to preclude any recovery sought in Plaintiff's Complaint.

10. Laches. Plaintiff waited an unreasonable period of time before asserting such claims under the doctrine of laches.

11. Unclean Hands. Plaintiff is barred by the equitable doctrine of unclean hands from

obtaining the relief requested.

12. Costs. Defendants are informed and believe, and thereon allege, that Plaintiff's Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law, which warranted the filing of Plaintiff's Complaint against Defendants. Plaintiff should therefore be responsible for all of Defendants' necessary and reasonable defense costs.

13. Conduct Was Justified. The conduct of Defendants with regard to the matters alleged in Plaintiff's Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendants herein.

14. Several Liability for Non-Economic Damages. Plaintiff's liability for the claims asserted by Plaintiff is greater than the liability, if any, of Defendants.

15. Comparative Negligence of Plaintiff. Plaintiff has failed to exercise ordinary care on its own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiff's recovery, therefore, against Defendants should be barred or reduced according to principles of comparative negligence.

16. Implied Assumption of Risk. Prior to the events in which Plaintiff was allegedly injured as a result of Defendants' alleged negligence, Plaintiff, by its conduct, impliedly assumed the risk of a known and appreciated danger, and thus may not recover damages from Defendants for its injury.

17. Lack of Standing. Defendants are informed and believe, and thereon allege, that Plaintiff herein lacks standing to bring said action against Defendants.

18. Not Entitled to Relief. Plaintiff is not entitled to relief from or against Defendants, as Plaintiff has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by Defendants.

19. No Breach. Defendants did not breach any statutory or common law duties allegedly owed to Plaintiff.

20. Compliance with Statutes. Plaintiff's claims are barred, because Defendants and its

agents complied with all applicable statutes and regulations.

21. **Equitable Relief Barred.** Plaintiff is not entitled to equitable relief because it has an adequate remedy at law.

22. **Lack of Standing.** Plaintiff has no standing to enforce the statutes and regulations identified in Plaintiffs Complaint.

23. **Reservation.** Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have any additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

24. **Not Waiving Defenses.** Defendants hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as is fully set forth herein. In the event further investigation and/or discovery reveals the applicability of any such defenses, Defendants reserves the right to seek leave of Court to amend this Answer to specifically assert any such defenses. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defenses.

WHEREFORE, Defendants pray:

1. That Plaintiff take nothing by way of its Complaint and that the Court deny Plaintiff all of the relief sought therein;

2. For costs and attorney fees incurred in the defense of this action; and

3. For any such other and further relief as the Court deems just and proper.

## MICHAEL STUDER AND SEA FRIENDS INCORPORATED COUNTERCLAIM AGAINST ENERKON SOLAR INTERNATIONAL, INC.

COMES NOW Defendants/Counterclaimants, Michael Studer and Sea Friends Incorporated ("Counterclaimants"), by and through its counsel of record Ismail Amin of The Amin Law Group, NV, Ltd, and hereby counter-claims against Counterdefendant Enerkon Solar International, Inc. ("Counterdefendant"), as follows:

/ / /

/ / /

# THE PARTIES

1. Counterclaimant Sea Friends Incorporated ("Sea Friends") is a non-profit company formed under the laws of the State of New York.

2. Counterclaimant Michael Studer ("Studer") is the Secretary and Treasurer of Sea Friends Incorporated.

3. Counterdefendant Enerkon Solar International, Inc. ("ENKS") is a corporation maintained under the provisions of NRS 78 and was previously known as Castle Holdings Corp.

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. This Court has jurisdiction in this matter, and venue is proper, in that this Counterclaim is an action for securities fraud pursuant to Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§78j(b)), and Rule 10b-5, 17 C.F.R. §240.10b-5 ("Exchange Act"), tortious interference with economic relations, and declaratory relief arising out of bad-faith efforts by Counterdefendant to prevent Counterclaimant from selling 1,004,000 shares of CHOD common stock.

5. On or about September 30, 1987, George R. Hebert ("Hebert") and Studer acquired control of San Luis Resources, Inc.

6. In 1991, San Luis Resources changed names and became known as Castle Holding Corp. ("CHOD").

7. On or about June 9, 1993, Hebert and Studer formed Sea Friends.

8. Since the inception of Sea Friends, Hebert has been its President and Studer has been its Secretary and Treasurer.

9. On or about November 14, 2005, Sea Friends acquired 4,000 shares of CHOD common stock from CHOD.

10. On or about July 26, 2007, Sea Friends acquired 1,000,000 shares of CHOD common stock from CHOD.

11. On or about November 20, 2014, control of CHOD was sold to John V. Cappello ("Cappello").

12. On or about July 17, 2017, Studer resigned as CFO and director of CHOD.

13. On or about October 31, 2017, CHOD changed names and became known as ENKS.

14. On or about February 8, 2018, Cappello sold control of ENKS to Benjamin Ballout.

15. Immediately upon that sale and change of control, Studer's accounting involvement with CHOD ceased.

16. On February 5, 2021, when ENKS common stock closed at $1.99 per share, Sea Friends asked Standard Registrar, the transfer agent of ENKS, to transfer its 1,004,000 shares of common stock to a Sea Friends broker account so that Sea Friends could sell those shares.

17. However, ENKS, wrongfully and maliciously sent correspondence to Standard Registrar to not complete the requested transfer in an effort to intentionally delay Sea Friends ability to sell its shares.

18. Shortly thereafter, Standard Registrar resigned as the ENKS transfer agent and returned the 1,004,000 shares to Sea Friends.

19. Colonial Stock Transfer then became ENKS's transfer agent.

20. Through additional intentional delays caused by ENKS, delivery of the shares did not occur until April 27, 2021, when ENKS stock closed at $0.4205 per share, and Sea Friends sold its 1,004,000 shares of common stock to Sunstate Futures, LLC.

21. ENKS's delays and misconduct were willful and intentional.

22. ENKS's intentional delays and misconduct is transparent and malicious.

23. ENKS's wrongful and malicious refusal to allow Sea Friends to transfer the shares of stock on February 5, 2021 resulted in a significant monetary loss to Counterclaimants.

24. ENKS's wrongful and malicious conduct has proceeded in bad faith thereby necessitating this action to recover the lost value of shares in addition to other damages.

25. Counterclaimants were required to retain an attorney to prosecute this action and is therefore entitled to collect its reasonable attorneys fees and costs.

## FIRST CLAIM FOR RELIEF

**(Violation of Section 10(b) of the Exchange Act and Rule 10b-5)**

26. Counterclaimants repeat and reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

27. By engaging in the acts and conduct described herein, Counterdefendant directly or indirectly, by use of the means or instrumentalities of transportation or communication in interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase and sale of securities, has: (a) employed devices, schemes and artifices to defraud; (b) made untrue statements of material fact and/or omitted material facts necessary to make the statements not misleading; and/or (iii) engaged in acts, practices and a course of business that operated as a fraud and deceit upon Counterclaimant as an owner of the shares of stock.

28. Counterdefendant committed wrongful conduct by making intentional and willful misrepresentations to Counterclaimants, Standard Registrar, and/or others in order to induce Standard Registrar to not sell Plaintiffs' Shares, when, in fact, Counterdefendant was aware that its statements were false.

29. In reliance upon Counterdefendant's publication of intentionally or recklessly false statements of material fact and/or intentional or reckless omissions of material facts, Counterclaimants were unable to sell their shares in the public markets during a time when the price of the common stock dropped significantly.

30. As a direct result and proximate result of Counterdefendant's wrongful conduct, Counterclaimants have suffered damages in connection with its inability to sell the shares of stock.

31. As result of the foregoing, Counterclaimants seek damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Tortious Interference With Economic Relations)**

32. Counterclaimants repeat and reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

33. Counterdefendant interfered with Counterclaimant's existing or potential economic relationship that Counterclaimant had by wrongfully and maliciously sending correspondence and/or directions to Standard Registrar to not complete the requested transfer in an effort to intentionally delay Sea Friends ability to sell its shares.

34. Counterdefendant's actions were done with malice and/or using improper and

wrongful means because it was aware that the correspondence and/or directions asserted false and misleading statements.

35. Counterdefendant hoped and intended that Standard Registrar would refuse to transfer the shares.

36. As a result of aforementioned wrongful conduct, Standard Registrar refused to transfer Counterclaimant's shares.

37. Counterclaimants were actually and wrongfully prevented from obtaining an economic benefit as a result of Counterdefendant's wrongful conduct.

38. As a proximate cause of the wrongful conduct, Counterclaimant has been injured and damaged by not being able to sell their shares in the open market at the time they wanted and has been injured in an amount to be determined at trial, but believed to be not less than $1,575,778.00.

39. As a result of Counterdefendant's willful and wanton conduct that was in reckless disregard for Counterclaimants' rights, which showed a high degree of moral turpitude, Counterclaimants are entitled to punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

40. Counterclaimants repeat and reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

41. Counterclaimant brings this claim pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

42. A case of actual controversy exists within this Court's jurisdiction, providing this Court with the right to declare the rights and other legal relations of any interested parties, which shall have the force and effect of a final judgment or decree.

43. Based upon the acts and/or omissions of the Counterdefendant, described hereinabove, the Counterclaimants are entitled to an order from this Court declaring that the Counterdefendant acted in violation of the Securities and Exchange Act of 1934, 15 U.S.C. §§78j(b)), and Rule 10b-5, 17 C.F.R. §240.10b-5, and other applicable law, and all without the knowledge or consent of the Counterclaimant.

44. As a direct result and proximate result of Counterdefendant's wrongful conduct, Counterclaimants have suffered damages.

45. As result of the foregoing, Counterclaimants seek damages in an amount to be determined at trial.

WHEREFORE, Counterclaimants pray for the following:

1. For an award of compensatory, statutory, and punitive damages and losses against Counterdefendant in an amount to be proven at trial;

2. For an Order declaring that the Counterdefendant acted in violation of the Securities and Exchange Act of 1934, 15 U.S.C. §§78j(b)), and Rule 10b-5, 17 C.F.R. §240.10b-5, and other applicable law;

3. For an award of reasonable attorney's fees and costs incurred in this action; and

4. For such other and further relief as the Court may deem proper.

DATED: November 5, 2021.

THE AMIN LAW GROUP, NV, LTD.

*/s/ Ismail Amin*
Ismail Amin (9343)
Matthew K. Schriever (10745)
5852 S. Durango Dr., Suite 105
Las Vegas, NV 89113
iamin@talglaw.com
mschriever@talglaw.com

*Attorneys for Defendants/Counterclaimants*
MICHAEL STUDER and
SEA FRIENDS INCOPORATED

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th of November 2021, I served a true and correct copy of:

**ANSWER AND COUNTERCLAIM**

Via the following methods of service:

\_\_\_\_\_  serving the following parties via US Mail, postage prepaid;

\_\_\_\_\_  serving the following parties via e-mail;

\_\_X\_\_  serving the following parties via CM/ECF;

_____  serving the following parties via facsimile;

_____  serving the following parties via Overnight Express;

H. Stan Johnson
COHEN-JOHNSON, LLC
375 E. Warm Springs Road, Suite 104
Las Vegas, NV 89119
Tel: (702) 823-3500
Fax: (702) 823-3400
Email: sjohnson@cohenjohnson.com
***Attorneys for Plaintiff Enerkon Solar International, Inc.***

*/s/Deborah G. Lien*
Deborah G. Lien
An Employee of THE AMIN LAW GROUP, NV., LTD.