UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., | Case No. 2:21-CV-1122 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. CAPPELLO, et al., | |
| Defendant(s). | |

Presently before the court is defendants Michael Studer and Sea Friends Incorporated's (collectively "defendants") motion to dismiss (ECF No. 44) plaintiff Enerkon Solar International, Inc.'s ("Enerkon") first amended complaint (ECF No. 2).[1]  Enerkon did not respond, and the deadline to do so has passed.  LR 7-2(b).

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."  LR 7-2(d); *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

However, the court will not automatically grant every unopposed motion.  First, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53.

---

[1] Also before the court is defendants' original motion to dismiss (ECF No. 40) which was filed in violation of Local Rule IC 5-1(b).  The court DENIES that motion (*Id.*) as moot.

**James C. Mahan**
**U.S. District Judge**

Having considered defendants' motion and Enerkon's amended complaint in light of the *Ghazali* factors, the court grants the motion. The first three factors—the public's interest in expeditiously resolving this litigation, the court's interest in managing the docket, and the risk of prejudice to defendants—all weigh in favor of dismissal. *See id.*; *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (holding that a presumption of injury arises from the occurrence of unreasonable delay). Therefore, dismissal is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (ECF No. 44), be, and the same hereby is, GRANTED. Enerkon's first amended complaint (ECF No. 2) is DISMISSED against defendants Michael Studer and Sea Friends Incorporated, without prejudice.

IT IS FURTHER ORDERED that defendants' original motion to dismiss (ECF No. 40), be, and the same hereby is, DENIED as moot.

DATED March 25, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -