**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., <br><br>Plaintiff, <br><br>v. <br><br>JOHN V. CAPPELLO, et. al., <br><br>Defendants. | 2:21-cv-01122-JCM-VCF <br>**REPORT AND RECOMMENDATION FOR DISMISSAL** |

Before the court is *Enerkon Solar International, Inc. v. John V. Cappello, et al.*, case number 2:21-cv-01122-JCM-VCF.

Relevant background:

On August 18, 2022, the court scheduled an in-person hearing on the motion to withdraw as counsel (ECF No. 79) for August 25, 2022. (ECF No. 81). The court ordered that an officer, director, or managing agent for Enerkon Solar must appear in person for the scheduled hearing. Plaintiff's counsel advised the court on August 22, 2022, that the principles of Enerkon Solar are out of state. The scheduled in-person hearing was rescheduled to a video conference hearing on August 25, 2022. (ECF NO. 82).

On August 25, 2022, the court held video conference hearing. Plaintiff's counsel H. Stan Johnson appeared. Darwin Maury Rygg, III, Esq. appeared for defendant. A representative from Enerkon Solar failed to appear for the scheduled video conference. (ECF No. 83). On August 26, 2022, the Court scheduled a show cause hearing for 1:00 pm, October 18, 2022, and ordered that an officer, director, or managing agent for Plaintiff Enerkon Solar International, Inc., must appear in-person for the show cause hearing. (ECF No. 84). The Order was mailed to Enerkon Solar International, Inc. at the address of 477 Madison Ave # 6834, New York, New York 10022 and emailed to info@enerkoninternational.com. *Id.*

On September 19, 2022, mail was returned as undeliverable to Enerkon Solar International, Inc. (ECF No. 85).  The show cause order was emailed successfully to info@enerkoninternational.com.

On October 18, 2022, the court held the show cause hearing.  A representative from Enerkon Solar International, Inc. failed to appear.

Under Local Rule IA 3-1, "[a]n attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

Here, Plaintiff failed to comply with LR IA 3-1 and with the Court's Orders (ECF Nos. 81, 84), and it would seem as though Plaintiff has abandoned this case.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance.  *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey*

*League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone,* 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The court has held several hearings and has given Plaintiff ample notices and opportunities to prosecute this case. Again, Plaintiff has failed to follow the rules of this Court by not appearing for hearings. (ECF Nos. 81, 84).

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 81, 84) and for failure to prosecute.

IT IS FURTHER RECOMMENDED that default be entered against Enerkon Solar International, Inc. and in favor of Counter Claimants Sea Friends Incorporated and Michael Studer.

The Court Clerk is directed to mail and email a copy of this order to Plaintiff at the following address:

Enerkon Solar International, Inc.
477 Madison Ave #6834
New York, NY 10022

info@enerkoninternational.com

DATED this 18th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE