UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., | Case No. 2:21-CV-1122 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. CAPELLO, et al., | |
| Defendant(s). | |

Presently before the court is defendants Sea Friends Inc. ("SFI") and Michael Studer ("Studer") (collectively "defendants")'s motion for attorney fees and costs. (ECF No. 98). Plaintiff Enerkon Solar International did not file a response, and the time to do so has now passed.

Also before the court is defendants' motion to amend the judgment. (ECF No. 102). Plaintiff did not file a response, and the time to do so has now passed.

**I.    Background**

This case arises from an alleged securities fraud. Studer is a former director of plaintiff. (ECF No. 59). As relevant to the instant motion, on February 5, 2021, Studer attempted to deposit 1,004,000 shares of plaintiff's stock into SFI's brokerage account for SFI to liquidate at a price of roughly $1.99 per share. (*Id.*) These shares had been previously issued to SFI. (*Id.*) On February 8, 2021, Studer was informed that plaintiff's CEO had placed a "stop order" on the transaction prohibiting the transfer. (*Id.*)

Over the next two months, Studer repeatedly attempted to have the sale restrictions removed. (*Id.*) Plaintiff's CEO deflected by telling him that SFI was being investigated by the

**James C. Mahan**
**U.S. District Judge**

1  "FINRA criminal division,"[1] and that the transaction could not be completed until that
2  investigation closed. (ECF No. 102).

3  Eventually, on April 27, 2021, after the shares had dropped to approximately $0.42 per
4  share, plaintiff authorized delivery of the stock. (*Id.*) The difference in value between the two
5  dates was more than $1.5 million dollars. (*Id.*)

6  Plaintiff later initiated this suit on claims arising out of a series of alleged securities fraud.
7  (ECF No. 1). Defendants filed the instant counterclaims on November 5, 2021, related to the
8  above-detailed transaction. (ECF No. 59). At some point during summer 2022, issues arose
9  during discovery. Plaintiff's counsel eventually filed a motion to withdraw (ECF No. 79), and
10 Magistrate Judge Ferenbach held a videoconference hearing on that motion on August 25, 2022.
11 (ECF No. 83). Despite an express order from the court that an "officer, director, or managing
12 agent" of plaintiff was to appear, no such corporate representative was present. (*Id.*) Magistrate
13 Judge Ferenbach granted the withdrawal motion. (*Id.*)

14 The next day, he also issued a show cause order requiring a corporate representative for
15 plaintiff to retain counsel and appear at an October 18, 2022, hearing, as well as provide a
16 response as to why plaintiff should not be sanctioned for its prior failure to appear. (ECF No.
17 84). This order reserved the right to impose sanctions and recommend dismissal. (*Id.*)

18 Plaintiff did not appear for the October hearing or retain counsel. (ECF No. 92).
19 Magistrate Judge Ferenbach then issued a report and recommendation ("R&R") recommending
20 dismissal of plaintiff's claim and that "default be entered" against plaintiff. (ECF No. 93). This
21 court adopted that R&R in full on November 2 and issued an order granting "default judgment"
22 (ECF No. 95), which the clerk entered later that day. (ECF No. 96).

23 Defendants now move for an award of attorney fees following judgment on these claims.
24 (ECF No. 98). They also move to amend the court's judgment to include a damages award.
25 (ECF No. 102).

26 _____

27 [1] FINRA is the Financial Industry Regulatory Authority. As a non-governmental
28 organization, it has neither a criminal division nor the ability to bring criminal charges against the bodies it investigates. *See, e.g.*, https://www.finra.org/rules-guidance/enforcement (detailing FINRA's enforcement powers).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

### A. Motion for Attorney Fees

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorneys' fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees).

### B. Motion to Amend

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening

**James C. Mahan**
**U.S. District Judge**

- 3 -

law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

**Discussion**

A. *Motion for Attorney Fees*

    a. *Awarding Costs and Fees*

Defendants move for an award of all attorney fees and costs in this matter. (ECF No. 98). They argue that this litigation was vexatious and brought in bad faith, that plaintiff decided to abruptly stop prosecuting the suit, and that plaintiff failed to comply with this court's orders thus warranting a departure from the traditional "American rule." The court agrees and will award costs and fees.

The Supreme Court has recognized that attorney fees are appropriate when a party willfully disobeys a court order. *See Alyeska Pipeline Serv*, 421 U.S. at 258; (citing *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 426–28 (1923); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967). Further, Nevada law provides that a fee award is appropriate when a claim "was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. 18.010(2)(b). The Nevada legislature intended for the court to liberally construe the statute and award fees "in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public." *Id.*

**James C. Mahan**
**U.S. District Judge**

- 4 -

Considering the Supreme Court's guidance, and the Nevada legislature's intent to punish conduct that hinders the effective resolution of meritorious claims, an award of attorney fees is appropriate here as a punishment and deterrent.

Plaintiff brought a set of specious, at best, securities claims. It then inexplicably stopped prosecuting the complex claims it brought before failing to obey two court orders to retain counsel and appear for a hearing. *See* (ECF Nos. 81; 84). There are no reasonable grounds for this conduct, and it shows a willful breach of this court's trust. Thus, an award of fees under NRS 18.010 is appropriate considering the Nevada legislature's instructions to liberally award fees.

    b. *Amount of Award*

"When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. *Ryan*, 786 F.3d at 763.

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984);

**James C. Mahan**
**U.S. District Judge**

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). As a general rule, the court considers the reasonable hourly rate in the relevant community, which is the forum in which the case is pending. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The court may consider rates outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, the relevant community is Las Vegas, Nevada. For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

Defendants incurred 113.33 hours of legal work until the litigation of the instant motion at hourly rates from approximately $100 for paralegals, to $400 for partners, totaling $33,566.05. (ECF No. 98 at 18). Defense counsel's hourly rates are within the lodestar rate in the community. The time and labor required for the complexity of the securities issues in this case, the quality of the advocates, the undesirability of this case, and the result obtained support the award of fees in full.

Having reviewed the affidavit and billing records accompanying the motion, and considering the contents therein, defendants' motion is granted, and they are awarded their attorney fees and costs in full.

**James C. Mahan**
**U.S. District Judge**

*B. Motion to Amend Judgment*

Defendants also move to amend the judgment entered following adoption of Magistrate Judge Ferenbach's R&R. (ECF No. 102). Plaintiff has not opposed this motion and therefore consents to its granting. *See* Local Rule 7-2(d).

Defendants seek to amend this court's entry of judgment to include an award of $1,576,280. Because this court entered judgment immediately following the R&R, defendants were deprived of the opportunity to prove damages on their counterclaims. *See* (ECF Nos. 93, 95, 96). This, coupled with the court's inadvertent order to enter default judgment when Judge Ferenbach's R&R simply recommended entry of "default," makes defendants' motion proper.

The damages requested represent the difference in the price of the Enerkon shares in question from February 5, 2021 (the day the stop order was placed on the transaction), to April 27, 2021 (the day the transaction was completed). (ECF No. 102 at 7, citing Ex. A). In light of the transaction records, emails, and other documents provided, the court finds that award of damages appropriate. But for the stop order, the shares would have sold at a value of approximately $1.99 per share. *See* (ECF No 102-1 at 46, 49, 65). Instead, they sold for roughly $0.42 per share. (*Id.* at 7–8, 49, 64)

Considering this newly presented evidence, the court GRANTS defendants' motion to amend the judgment under Rule 59(e) and correct this court's premature entry of default judgment.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for attorney fees (ECF No. 98) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to amend the judgment (ECF No. 102) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Defendants are instructed to file a proposed amended judgment with fourteen (14) days of this order, consistent with the foregoing.

DATED January 18, 2023.

_____
UNITED STATES DISTRICT JUDGE