UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ENERKON SOLAR INTERNATIONAL, INC., | Case No. 2:21-CV-1122 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN V. CAPELLO, et al., | |
| Defendant(s). | |

Presently before the court is defendants/counterclaimants Sea Friends, Inc. and Michael Studer (collectively, "counterclaimants")'s motion to amend the judgment. (ECF No. 108). Plaintiff Enerkon Solar International, Inc. ("Enerkon") did not file a response to counterclaimants' motion.

**I.      Background**

This case arises out of securities fraud concerning restrictions upon the sale and trading of stock for Enerkon. After Enerkon failed to comply with two orders from the court to appear for hearings, the magistrate judge recommended that the matter be dismissed. (ECF No. 93 at 3-4). This court adopted the report and recommendation in full, dismissing Enerkon's complaint for want of prosecution. (ECF No. 95 at 1-2).

Subsequently, counterclaimants filed a motion to amend the judgment to include a monetary award related to their counterclaims asserted against Enerkon. (*See generally* ECF No. 102). On January 18, 2023, the court awarded counterclaimants damages totaling $1,609,836.05

**James C. Mahan**
**U.S. District Judge**

and further ordered them to file a proposed amended judgment. (*See generally* ECF No. 103). The signed judgment provided the following:

> That judgment is entered in favor of Counterclaimants Sea Friends Incorporated and Michael Studer and against Counter-Defendant Enerkon Solar International, Inc. in the amount of One Million Six Hundred and Nine Thousand Eight Hundred and Thirty-Six Dollars and Five Cents ($1,609,836.05) . . . *[p]ost-judgment interest will run at the rate of 0.095% compounded annually, from January 18, 2023, until satisfied*.

(ECF No. 106 at 3) (emphasis added).

On February 15, 2024, collection counsel for counterclaimants contacted their securities' counsel regarding the interest rate referenced in the judgment as well as the new name of the judgment debtor. (ECF No. 108-1 at 1-2). While litigation was pending, Enerkon changed its name to "New Technology Acquisition Holdings, Inc." ("NTAC") (ECF No. 108-2 at 12).

Counterclaimants move the court to amend its prior judgment to identify Enerkon's new name and the correct interest rate, the latter of which counterclaimants allege is due to a scrivener's error. (ECF No. 108 at 5-7). The exhibits provided by counterclaimants and Enerkon's failure to respond compel the court to grant the instant motion.

## II.    Legal Standard

Federal Rule of Civil Procedure 60 governs clerical mistakes in a judgment or mistakes "arising from oversight or omission" contained in a judgment. Fed. R. Civ. P. 60(a). Courts may invoke Rule 60(a) "to resolve an ambiguity in [an] original order to more clearly reflect contemporaneous intent and ensure that the court's purpose is fully implemented." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (internal citation omitted). "A district court has very wide latitude in correcting clerical mistakes in a judgment." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (citing *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986)).

**James C. Mahan**
**U.S. District Judge**

- 2 -

When exercising its discretion to amend a judgment, a court may "invoke Rule 60(a) . . . to make a judgment reflect the actual intentions of the court, plus necessary implications." *Blanton*, 813 F.2d at 1577. "[C]lerical errors in the record arising from oversight or omission may be corrected by the court or at any time of its own initiative or on the motion of any party." *Day v. McDonough*, 547 U.S. 198, 210 (2006) (internal quotation marks and citations omitted).

### III. Discussion

Counterclaimants request the court to amend its prior judgment to identify Enerkon's new name and the correct interest rate. The court will address each issue in turn.

A. Enerkon's new name

District courts may amend a judgment to add a new judgment debtor or correct a clerical issue if the amendment does "not go to the merits of the case." *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). Amending a judgment to add a judgment debtor may also be appropriate under Federal Rule of Civil Procedure 69(a) depending upon the practice and procedure of the state where enforcement is sought. *Id*.

The court entered judgment against Enerkon, who was the entity that initiated the lawsuit, and the judgment reflected the name of the judgment debtor as Enerkon. (ECF No. 106 at 3). However, and as stated, *supra*, Enerkon changed its name to NTAC in October of 2022, while litigation was pending but before the court awarded damages and attorneys' fees to counterclaimants. (ECF No. 108-2 at 12). Enerkon failed to notify the court and counterclaimants that its name changed. (ECF No. 108-1 at 3).

NTAC indicated in its filings to the Securities and Exchange Commission that its office is located in Wyoming. (ECF No. 108-2 at 11-12). Wyoming law is identical to Federal Rule of Civil Procedure 60(a), which governs amendments to judgments. *See* W.R.C.P. 60(a) ("[t]he

**James C. Mahan**
**U.S. District Judge**

- 3 -

court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

The court grants counterclaimants' request to amend its prior judgment to identify Enerkon's new name as New Technology Acquisition Holdings, Inc.

B.  <u>Correct interest rate</u>

Post-judgment interest is calculated "from the date of the entry of judgment."  28 U.S.C. § 1961(a); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004). "Postjudgment interest is compounded annually and computed daily up to the date the judgment is paid."  *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, No. 2:07-cv-01146-PMP-LRL, 2012 WL 5406310, at *2 (D. Nev. Nov. 5, 2012).

"The purpose of postjudgment interest is to compensate the successful [party] for being deprived of compensation for the loss of time between the ascertainment of the damage and the payment by the defendant."  *United States v. Bell*, 602 F.3d 1074, 1083 (9th Cir. 2010). "When a judgment is amended, awarding postjudgment interest from the date of the original judgment is proper to the extent the original judgment was 'permitted to stand.'"  *D.E. Shaw Laminar Portfolios, LLC*, 2012 WL 5406310, at *2 (citing *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1382 (9th Cir. 1992)).

Defense counsel represents that the previously prepared proposed judgment contained a scrivener's error and improperly identified the post-judgment interest rate as 0.095%. (ECF No. 108 at 6).  Counterclaimants request for the scrivener's error to be corrected in the judgment and for the court to amend the judgment to reflect the appropriate, statutorily-authorized post-judgment interest rate of approximately 4.75% running from the date of the court's order issued

**James C. Mahan**
**U.S. District Judge**

- 4 -

on January 18, 2023, until the judgment is satisfied. (*Id.* at 10). The court grants counterclaimants' request.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants/counterclaimants Sea Friends, Inc. and Michael Studer's motion to amend the judgment (ECF No. 108) be, and the same hereby is, GRANTED.

Counterclaimants shall submit a proposed amended judgment within thirty (30) days.

DATED May 6, 2024.

_____
UNITED STATES DISTRICT JUDGE